# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **LEWIS ANTONIO ARNOLD**, <br><br> Defendant. | Case No. 7:06-CR-12 (HL) |

## ORDER

Before the Court Defendant Lewis Antonio Arnold's Motion Seeking Placement into the Residential Drug Abuse Program. (Doc. 90). Following his conviction for possession with intent to distribute cocaine, this Court sentenced Defendant to a term of imprisonment of 210 months, to be served consecutively to a term of imprisonment imposed by the Lowndes County Superior Court. (Docs. 44-45, 52). Defendant is presently serving his federal sentence. Claiming that he has "a long history of drug abuse," Defendant moves the Court to amend the Judgement in this case to include a recommendation that he participate in the Bureau of Prison's ("BOP") residential drug treatment program ("RDAP"). (Doc. 90, p. 2). For the following reasons, Defendant's motion is **DENIED**.

Section 3621 provides that the BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this objective, the BOP implemented the RDAP, a voluntary substance

abuse treatment program that, subject to availability, provides residential substance abuse treatment and arranges for appropriate aftercare. Id. at § 3621(e)(1). When a prisoner convicted of a nonviolent offense successfully completes the RDAP, the BOP may reduce the prisoner's sentence. Id. at § 3621(e)(2). While a sentencing court may recommend a defendant's participation in the RDAP, "[a]ny order, recommendation, or request by a sentencing court . . . shall have no binding effect on the authority" of the BOP to determine whether program participation is appropriate. Id. at 3621(b).

Upon entering the BOP, inmates are identified for referral and evaluation for the RDAP. 28 C.F.R. § 550.53(d). Inmates may also apply for the RDAP. Id. at § 550.53(c). The Drug Abuse Coordinator decides whether to place an inmate in the RDAP, taking into consideration (1) whether the inmate has a verifiable substance use disorder; (2) the inmate's agreement to participate in the program; and (3) the inmate's ability to complete all aspects of the program. Id. at 550.53(b) and (e). The BOP "has [unfettered] discretionary authority to decide who participates in the program." Watson v. Woods, No. 2:18-CV-30-WHA, 2019 WL 4927051, at *6 (M.D. Ala. Sept. 17, 2019) (internal quotation marks and citation omitted); see also United States v. Mikhael, No. 3:07cr57/MCR/CJK, 2012 WL 4093781, at *1 (N.D. Fla. Aug. 16, 2012) (quoting Martin v. Sanders, No. 2:06CV00112 JLH-JFF, 2006 WL 2079843, at *3 (E.D. Ark. July 10, 2006)

("BOP has full and broad discretion to determine which prisoners are eligible for the RDAP and which inmates may enter the RDAP.")).

The record here provides no evidence on which the Court can base a recommendation for Defendant's participation in the RDAP. Defendant claims in his motion that he has a history of drug abuse. (Doc. 90, p. 2). However, the Presentence Investigation Report prepared prior to sentencing indicates only that Defendant "occasionally consumed beer since the age of twenty-one." (Doc. 84, ¶ 95). Defendant denied any prior treatment for substance abuse. (Id.). Further, even though Defendant's criminal history reflects his participation in drug distribution activity, there is nothing from his criminal history suggesting persistent drug use. (Id. at ¶¶ 56-57, 64-67, 76-79).

There being no evidence of a history of drug abuse, the Court finds no basis to recommend Defendant's participation in the RDAP. Defendant's motion is accordingly **DENIED**.

**SO ORDERED** this 1st day of April, 2021.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks